[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: TEMPORARY INJUNCTIONS
Plaintiff as Zoning Enforcement Officer of the Town of East Granby brings this action against the defendant seeking temporary and permanent injunctions, civil penalties and attorney's fees.
 Facts
From at least November 1999 the defendant has owned a home and real CT Page 10130 property in East Granby located in a residential zone and known as #15 Old Hartford Avenue.
On November 11, 1999 a "sandwich" sign was erected on her property. This sign was located in a position that violated the town's zoning regulations, Sec. VII C5, for her zone. Defendant was told within two days that the placement of the sign was a violation of the regulations and she understood that.
On November 24, 1999 the sign was still up and plaintiff sent defendant an order to remove it. Thereafter until March 7, 2000 the sign was not up but flat on the ground. On March 8, 2000 the sign was again upright and in violation. On March 21, 2000 the sign was still up and plaintiff sent a letter to the town attorney in regard to the sign. The sign remained up until April 3, 2000. The court cannot make a finding of fact of any violation about a period after that time when the sign was removed from near the road and leaned against a gazebo some distance off the road.
On or about May 17, 2000 the parties entered into a "Stipulation" "that a permanent injunction may enter" prohibiting defendant from displaying any sign on her property "not permitted as of right under Section VII C5 of the East Granby Zoning Regulations". The defendant claims that in signing the stipulation she never intended that a judgment enter.
 Law
Plaintiff has no adequate remedy at law. Plaintiff need not prove hardship to obtain the temporary injunction. Conservation Commission ofSimsbury v. Price, 193 Conn. 414. The court is convinced that on a final trial for a permanent injunction plaintiff will prevail. In balancing the equities between the parties the plaintiff prevails.
Judgment for plaintiff.
NORRIS L. O'NEILL, J.